UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANA YANCY REYES TOLEDO,

      Plaintiff,

CASE NO.:

v.

EL ATLAKAT RESTAURANT CORP, a Florida for Profit Corporation,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANA YANCY REYES TOLEDO, ("Plaintiff"), files this Complaint against Defendant, EL ATLAKAT RESTAURANT CORP, a Florida for Profit Corporation ("Defendant"), and states as follows:

## INTRODUCTION

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a)(7).

1

3. Plaintiff alleges pursuant to the FLSA, 29 U.S.C. § 216(b), that they are (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*; and (iii) declaratory relief pursuant to 28 U.S.C. §2201.

## JURISDICTION

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended (29 U.S.C. §201, *et seq.*) ("FLSA") to: (i) obtain a judgment against Defendants as to liability; (ii) recover unpaid back wages; (iii) recover an additional equal amount as liquidated damages; and (iv) reasonable attorneys' fees and costs.

5. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as the FLSA claims arise under 29 U.S.C. §216(b).

6. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Miami-Dade County, Florida.

## PARTIES

7. At all times material to this action, Plaintiff was a resident of Miami-Dade County, Florida.

8. At all times material to this action, EL ATLAKAT RESTAURANT CORP was, and continues to be, a Florida for profit corporation.

9. Further, at all times material to this action, EL ATLAKAT RESTAURANT CORP was, and continues to be, engaged in business in Florida, with a principal place of business in Miami-Dade County, Florida.

## FLSA COVERAGE

10. At all times material to this action, Plaintiff was an "employee" of Defendant

within the meaning of the FLSA.

11. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant, EL ATLAKAT RESTAURANT CORP, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA by virtue of its routine utilization of supplies and materials that originated outside the state of Florida.

13. The supplies and materials that Defendant utilized to run its business previously traveled in interstate commerce.

14. At all times material to this action, Defendant had two (2) or more employees who regularly handled products and equipment, including alcoholic and non-alcoholic beverages, pots, and pans, which had previously moved through interstate commerce, during performance of their duties, including, *inter alia* equipment and supplies used directly in furtherance of Defendants' commercial activity of operating a restaurant.

15. Based upon information and belief, the annual gross revenue of Defendant EL ATLAKAT RESTAURANT CORP was in excess of $500,000.00 per annum at all times relevant hereto.

16. At all times material hereto, Plaintiff was "engaged in commerce" and was subject to individual coverage of the FLSA, by virtue of his regular and recurrent handling of equipment that had previously traveled in interstate commerce.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

18. At all times material hereto, Defendant EL ATLAKAT RESTAURANT CORP

was an enterprise covered by the FLSA.

## STATEMENT OF FACTS

19. Beginning on or about May 2018 through on or about October 2019, Defendant employed Plaintiff as a non-exempt, hourly-paid employee.

20. Plaintiff's duties included preparing food, cooking food, and cleaning.

21. Plaintiff was paid an hourly wage.

22. Plaintiff worked for Defendant in excess of forty (40) hours within one or more workweeks.

23. From on or about May 2018 through on or about October 2019, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

24. Plaintiff should be compensated at the rate of one and one-half times her regular rate for those hours that she worked in excess of forty (40) hours per week, as required by the FLSA.

25. Defendant violated Title 29 U.S.C. § 207 from on or about May 2018 through on or about October 2019, in that:

    a. Plaintiff worked in excess of forty (40) hours during most weeks for the period of her employment with Defendant;

    b. No payments, and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant failed to maintain proper time records as mandated by the

FLSA.

## COUNT I
## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. §207

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 as if fully set forth herein.

27. Plaintiff was employed by Defendant from approximately May 2018 through on or about October 2019 as an hourly paid, non-exempt, cook.

28. Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

29. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

30. At all times material hereto, Defendant failed and continues to fail, to maintain proper time records as mandated by the FLSA.

31. Defendant's actions in this regard were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

32. Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

33. Due to the intentional, willful, and unlawful acts of the Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

34. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week while employed by Defendant;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    d. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA; Defendant failed to keep accurate time records; Defendant has a legal duty to pay Plaintiff overtime wages pursuant to the FLSA; Defendant failed to prove a good faith defense; and Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

    e. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 23rd day of December, 2019.

Respectfully Submitted,

*/s/ Natalie Staroschak*
Natalie Staroschak
FL Bar No.: 116745
MORGAN & MORGAN, P.A.
8151 Peters Road
Suite 4000
Plantation, FL 33324
Tel: 954-807-7759
Fax: 954-807-7781
E-mail: nstaroschak@forthepeople.com

*Trial Counsel for Plaintiff*